UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMY D. POWERS,

    Applicant,

v.                                                  CASE NO. 8:24-cv-303-SDM-AEP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## ORDER

Powers applies (Doc. 1) under 28 U.S.C. § 2254 for the writ of habeas corpus and challenges his convictions for armed trespass, armed burglary, grand theft, and felon in possession of a firearm, for which Powers is imprisoned for life as a "Prison Releasee Reoffender." Numerous exhibits ("Respondent's Exhibit") support the response. (Doc. 12) Although admitting the application's timeliness (Doc. 12 at 5), the respondent argues that each ground is unexhausted and procedurally barred from federal review.

                        I.        **BACKGROUND**[1]

Powers entered a residence, supposedly to escape capture by drug dealers who were chasing him. Once inside the residence Powers found and took a bottle of beer

---

[1] This summary of the facts derives from Powers's brief on direct appeal. (Respondent's Exhibit 4)

from the refrigerator, money from inside a wallet, and a gun from inside a drawer. Powers left the residence and entered a separate "garage apartment" where he found a motorcycle jacket and helmet, both of which he decided to wear (supposedly to disguise him from his pursuers). The owner of the property found Powers and held him at gunpoint until police arrived. A search revealed that Powers possessed the victim's property: two guns, a diamond wedding ring, a digital camera, and the key for the motorcycle.

Powers was charged with four counts, specifically, armed burglary of a residence (Counts One and Two), grand theft (Count Three), and felon in possession of a firearm (Count Four).[2] Powers pleaded guilty to the last count and proceeded to trial on the first three counts. The jury found Powers guilty of the lesser-included offense of armed trespass for Count One[3] and guilty as charged in Counts Two and Three. Powers serves life imprisonment as a "Prison Releasee Reoffender" for the armed burglary (Count Two) and lesser terms of imprisonment for the other convictions.

The convictions and sentences were affirmed on direct appeal. (Respondent's Exhibit 12) Powers's first motion under Rule 3.850, Florida Rules of Criminal Procedure, for post-conviction relief alleged five claims of ineffective assistance of counsel, which the lower state court summarily denied and which the appellate court

---

[2] The respondent notes that Powers was "an eleven-time convicted felon." (Doc. 12 at 2)

[3] Apparently the jury accepted Powers's argument that he entered the main residence out of necessity to escape his pursuers.

affirmed. (Respondent's Exhibits 13, 14, and 18) Powers filed another motion under Rule 3.850, which the state court initially ruled was timely, was a proper second or successive motion, and was entitled to a review on the merits. (Respondent's Exhibits 20 and 21) After Powers twice amended the motion, the state court summarily denied relief based on the initial ground and dismissed an added ground as both untimely and successive; the appellate court affirmed. (Respondent's Exhibits 22, 27, 29, and 32)

Powers's federal application alleges three grounds of ineffective assistance of counsel. Despite Powers's direct appeal, two motions for post-conviction relief, and two post-conviction appeals, the respondent correctly argues that each ground is unexhausted and procedurally barred from federal review.

## II.   **EXHAUSTION AND PROCEDURAL DEFAULT**

According to the respondent, each ground is procedurally barred from federal review primarily because Powers failed to fully exhaust his available state court remedies. An applicant must present each claim to a state court before presenting the claim to a federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). *Accord Rose v. Lundy*, 455 U.S. 509, 518–19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to

review all claims of constitutional error."). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese,* 541 U.S. 27, 32 (2004) (citing *Duncan*). And an applicant must present each claim to the state court in the procedurally proper manner, as *Magwood v. Patterson*, 561 U.S. 320, 340 (2010), explains:

> A petitioner may not raise in federal court an error that he failed to raise properly in state court in a challenge to the judgment reflecting the error. If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention — whether in trial, appellate, or habeas proceedings, as state law may require — procedural default will bar federal review.

*See also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (The "failure to present three of his federal habeas claims to the [state court] in a timely fashion has resulted in a procedural default of those claims.").

Powers's three grounds are first reviewed to determine procedural default and thereafter addressed collectively to determine whether he can overcome the procedural default.

**Ground One:**

Powers alleges that trial counsel was "constitutionally ineffective by failing to be present at a critical stage of the proceedings" (Doc. 1 at 3), specifically, at a pre-trial hearing during which the state court judge offered Powers a plea deal. In his first Rule 3.850 motion, Powers alleged five claims of ineffective assistance of

counsel but none relate to the claim alleged in ground one. In his second Rule 3.850 motion, Powers alleged the same claim of ineffective assistance of counsel that he alleges in ground one, however, the state court correctly determined that Powers had "failed to state a facially sufficient claim of ineffective assistance of counsel" (Respondent's Exhibit 21 at 3) because the motion asserted no facts to prove both deficient performance and prejudice as required under *Strickland v. Washington*, 466 U.S. 668 (1984). In his "Amended Successive Motion for Post-Conviction Relief" (Respondent's Exhibit 27), Powers changed the focus of his claim from ineffective assistance of counsel to trial court error, which the state court determined was procedurally barred (Respondent's Exhibit 29 at 3–4) (brackets original):

> Defendant alleges the Court conducted an "impromptu *sua sponte*" plea colloquy without defense counsel being present. And, based on the Court's "now or never" stance at the hearing, Defendant was forced to make an uninformed decision regarding the plea offer thereby leading to his rejection of the offer. Specifically, Defendant alleges he received a subpoena for a pretrial hearing set for November 16, 2007. He alleges he appeared for the hearing but was directed to the wrong courtroom. By the time he was redirected to the correct courtroom, court was in recess. Nonetheless, "everyone" was "recalled" to the courtroom, but no one from the public defender's office was present. Defendant alleges his request for counsel was denied. He alleges he was prejudiced by this denial of counsel because he was ultimately convicted at trial and received a life sentence. He concludes that both prongs of *Strickland* have been met.
>
> The Court finds that Ground Two . . . is not time-barred because it amends and clarifies the issues Defendant raised in his original successive motion filed in February 2019. *See Jumper*, 903 So. 2d at 266 (concluding motion, which was technically untimely, was not time-barred because it "merely enlarged the issues already raised in the [timely filed] motion"). Now that the original claim has been amended and clarified, it is clear—as this Court initially suspected—that Defendant's claim boils down to one of trial court error, despite his

> reference to *Strickland*. Indeed, his claim is, essentially, that he did not have an attorney to consult with regarding the Court's alleged plea offer and that the Court denied his request for an opportunity to discuss the alleged offer with counsel.
>
> Claims of trial court error, however, are not cognizable under rule 3.850. *See Tefleteller v. Dugger*, 734 So. 2d 1009, 1015–16 (Fla. 1999) (finding claims of trial court error based on alleged erroneous jury instructions were procedurally barred under rule 3.850 because they should have been raised on direct appeal); *Koon v. Dugger*, 619 So. 2d 246, 247–48 (Fla. 1993) (finding several claims of trial court error were procedurally barred under rule 3.850 because they either were or should have been raised on direct appeal); *Arteaga v. State*, 246 So. 3d 533, 536 (Fla. 2d DCA 2018) (noting "that claims of trial court error are ordinarily remediable on direct appeal and thus not cognizable in a motion for postconviction relief under rule 3.850"). Accordingly, Ground Two is procedurally barred and, therefore, denied.

The above order is a "plain statement" (1) that the claim was not presented in the proper procedural manner and, therefore, procedurally barred and (2) that the state court's decision not to review the claim "rests upon adequate and independent state grounds." *Harris v. Reed*, 489 U.S. 255, 261 (1989). Consequently, Powers procedurally defaulted the ineffective assistance of counsel claim alleged in ground one by failing to "fairly present" the claim to the state courts.

Moreover, Powers fails to meet the exhaustion requirement because he did not properly brief the issue on appeal from the denial of post-conviction relief. As the respondent correctly notes, "Powers filed a very cursory twelve-page brief, without any argument or case law." (Doc. 12 at 13) Although he identified this claim as an issue on appeal, Powers presented to the state appellate court no further discussion or argument in support of the claim. Under state law, simply listing a claim fails to present the claim for appellate review, as *Heath v. State*, 3 So. 3d 1017, 1029 n. 8 (Fla.

2009), explains: "Heath has waived his cumulative-error claim because his brief includes no argument whatsoever and instead consists of a one-sentence heading in his brief." *Accord Smith v. State*, 151 So. 3d 1177, 1182 n.3 (Fla. 2DCA 2014) ("[W]e hold that Smith's assertion of ineffective assistance under this claim — and any other claim where ineffectiveness is solely referenced in the heading — is waived.") (citing *Heath*.).

**Ground Two:**

Powers alleges that trial counsel rendered ineffective assistance by not challenging the burglary jury instructions. In particular, Powers faults counsel for not objecting to the instruction's failing to advise the jurors that the intended offense committed during the illegal entry was something other than burglary or trespass. Although two of the five claims of ineffective assistance of counsel alleged in Powers's first Rule 3.850 motion involved the jury instructions, neither claim addressed counsel's alleged failing asserted in ground two. Although his appellate brief had a cursory reference to this issue, Powers fails to meet the exhaustion requirement because a cursory reference is insufficient to "fairly present" a claim, *Heath v. State*, 3 So. at 1029 n. 8, and because a party cannot raise a claim for the first time in an appeal from the denial of a post-conviction relief. *Mendoza v. State*, 87 So. 3d 644, 660 (Fla. 2011) (*per curiam*). An argument is cognizable on appeal in Florida only when the contention before the appeals court is the same "specific contention asserted as legal ground for the objection, exception, or motion" in the lower court. *Hutchinson v. State*, 17 So. 3d 696, 703 n.5 (Fla. 2009) (*per curiam*); *Steinhorst v. State*,

412 So. 2d 332, 338 (Fla. 1982) (*per curiam*).  Consequently, Powers procedurally defaulted the ineffective assistance of counsel claim alleged in ground two by failing to both properly and fairly present the claim to the state courts.

**Ground Three:**

Powers alleges that trial counsel rendered ineffective assistance by not requesting a jury instruction on duress and necessity.  None of the five claims of ineffective assistance of counsel alleged in Powers's first Rule 3.850 motion relate to the claim alleged in ground three.  Also, the single claim of ineffective assistance of counsel alleged in Powers's second Rule 3.850 motion is unrelated to the claim alleged in ground three.  However, Powers alleged the present claim in his "Amended Successive Motion for Post-Conviction Relief" (Respondent's Exhibit 27), which claim the post-conviction court dismissed as untimely (Respondent's Exhibit 29 at 4) (brackets original):

> In his third claim, Defendant alleges counsel was deficient in not developing a sound strategy for his defense and for failing to ensure the jury was instructed on the defense of duress and necessity. The Court finds that this claim is unrelated to the claim raised in Defendant's original successive postconviction motion. As such, Ground 3 is untimely and, successive. *See Jumper*, 903 So. 2d at 266 (finding motions that "asserted new claims and did not simply expand upon the issues that [the defendant] had already raised" were properly dismissed as untimely). Therefore, Ground 3 is dismissed.

Consequently, Powers procedurally defaulted the ineffective assistance of counsel claim alleged in ground three by failing to both properly and fairly present the claim to the state courts.

\* \* \* \*

The failure to properly exhaust each available state court remedy causes a procedural default of the unexhausted claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."); *see also Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."). State procedural rules preclude Powers from returning to state court to present his federal claim in another direct appeal or another post-conviction motion. See Fla. R. App. P. 9.140(b)(3) and Fla. R. Crim. P. 3.850(h). Powers's failure to properly present his federal claims in the state court results in a procedural default. *See Shinn v. Ramirez,* 596 U.S. 366, 378 (2022) (noting that if a prisoner failed to present a federal claim to the state court and the state court would dismiss the claim based on a procedural failure, the claim is technically exhausted because, in the habeas context, "state-court remedies are . . . 'exhausted' when they are no longer available, regardless of the reason for their unavailability.") (quoting *Woodford v. Ngo,* 548 U.S. 81, 92–93 (2006)).

As a consequence, each ground is barred from federal review absent a showing of "actual cause and prejudice" or "manifest injustice." *See generally Coleman v. Thompson*, 501 U.S. 722, 747–51 (1991); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The basis for "cause" must ordinarily reside in something external to the defense.

*Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995).  To show "prejudice," the applicant must show "not merely that the errors at his trial created the *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (italics original) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).  Powers asserts no basis for "cause and prejudice."

Instead, Powers argues in his reply (Doc. 17) that the failure to review his claims will result in a "fundamental miscarriage of justice."  To meet the fundamental miscarriage of justice exception, Powers must show constitutional error coupled with "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  This exception is not available unless "petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995) (denying a certificate of probable cause).  His argument fails because Powers presents no new reliable evidence that he is "factually innocent," that is, evidence showing that he did not commit the offenses for which he is imprisoned.  Each of Powers's grounds allege a procedural deficiency during the state court proceedings, not a deficiency in the facts that prove his guilt.

Powers establishes neither "cause and prejudice" nor a "fundamental miscarriage of justice."  Therefore, each ground is procedurally barred from federal review and not entitled to a determination on the merits.

## III.  DISCOVERY

Pending is Powers's paper captioned as his "Renewed Motion for Leave of Court to Conduct Discovery" in which he requests "discovery for the purpose of obtaining transcripts of pretrial proceedings and stenographic recordings from November 16, 2007." (Doc. 18 at 1)  The intended discovery relates to ground one. The motion lacks merit because, as determined above, ground one is procedurally barred from federal review.

*  *  *  *

Powers's application for the writ of habeas corpus and his motion for leave to conduct discovery (Docs. 1 and 18) are **DENIED**.  The clerk must enter a judgment against Powers and **CLOSE** this case.

## DENIAL OF BOTH
## A CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Powers is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no entitlement to appeal a district court's denial of his application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Powers must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d

926, 935 (11th Cir. 2001).  Because he fails to show that reasonable jurists would "find debatable" the procedural issues, Powers is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Powers must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on July 14, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE